**UNITED STATES of America, Appellee,**

v.

**Joe POLK, Appellant.**

**No. 86–1850.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1986.

Decided Dec. 29, 1986.

David R. Freeman, Federal Public Defender, St. Louis, Mo., for appellant.

Dean Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Joe Polk appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. app. § 1202(a)(1) (1982).

He argues the Government failed to prove that the gun presented at trial was a firearm within the meaning of 18 U.S.C. app. § 1202(c)(3). We affirm.

At trial the Government introduced into evidence a Smith and Wesson, Model 60.38 caliber revolver. The arresting officer testified that he had removed the gun, which was loaded with five rounds of ammunition, from the defendant. No evidence was introduced concerning the condition of the gun or whether it had been test-fired.

█ Polk argues that the Government failed to prove the gun was a firearm within the meaning of 18 U.S.C. app. § 1202(c)(3), which states in part: " '[F]irearm' means any weapon * * * which will or is designed to or may readily be converted to expel a projectile by the action of an explosive * * *." Polk contends the Government failed to prove the gun was capable of firing because no evidence of test-firing was presented. Accordingly, he argues that his conviction must be overturned because the Government failed to prove every element of the offense. We disagree.

█ The statute does not require that the Government prove the gun was actually capable of firing. *See United States v. Samson,* 533 F.2d 721, 723 (1st Cir.), *cert. denied,* 429 U.S. 845, 97 S.Ct. 126, 50 L.Ed.2d 116 (1976). Rather, it is enough that the gun be "designed to" fire. Polk also stipulated that the "firearm named in the indictment" was shipped in interstate commerce. (Government Exhibit 9). In addition, the gun was admitted into evidence in plain view of the jury, and the jury could properly assess whether the gun could fire or was designed to fire. *See United States v. Liles,* 432 F.2d 18, 19–20 (9th Cir.1970) (conviction upheld even though firearm not admitted into evidence). Further, Polk's postarrest statement, admitted into evidence, indicated that he was armed because he feared for his life. The jury thus could infer that Polk knew the gun was capable of firing.

Because we cannot say that the jury acted unreasonably in finding the gun to be a firearm, we affirm Polk's conviction.