30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Wade TUBBS, Defendant-Appellant.
 No. 94-6035.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 
 Before SEYMOUR, Chief Judge, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Mr. Clarence Wade Tubbs appeals his convictions after a bench trial on one count of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1).[2] Mr. Tubbs argues that the district court erred by failing to grant him a judgment of acquittal because the government failed to present evidence that the Baretta handgun involved in these two counts was a "firearm" within the meaning of the statute. We affirm.
 
 
 2
 Mr. Tubbs was arrested after he was identified as the suspect in a robbery of the First National Bank of Altus, in Mountain Park, Oklahoma. After he was arrested, Trooper Ron Roberts searched Mr. Tubbs' truck and found a gun. At Mr. Tubbs' trial, Trooper Roberts testified that the gun looked like a Baretta .9 millimeter, and identified government exhibit 6 as that weapon. He also testified that the weapon was in the same condition as when he found it except that, at the time he found it, "the magazine was inside and it was on fire.... It was off safety." Rec., vol. III, at 84.
 
 
 3
 Both of the bank tellers who were working at the time of the robbery testified that the robber had pointed a gun, which they described as "automatic." Rec., vol. II, at 16, 42. One clerk testified that she knew it was an automatic-type weapon because she had attended several security training classes in which different types weapons were displayed and their operation explained. Id. at 16. Both clerks also testified that government exhibit 6 was the same type of gun that they had seen. Id. at 18, 47.
 
 
 4
 Agent Granville Long of the FBI also testified that after Mr. Tubbs' arrest, he asked Mr. Tubbs whether the gun recovered from his truck was the one used in the robbery. Rec., vol. III, at 123. Mr. Tubbs stated that it was, but that the weapon had not been loaded. Id. He stated that the magazine had been loaded, but that he had not placed a round in the chamber to prevent accidental discharge. Id.
 
 
 5
 Mr. Tubbs contends that the government did not present evidence that the Baretta was a firearm within the definition in 18 U.S.C. 921(a)(3). Under this definition, a firearm is defined as "any weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." Id. The firearm need not be loaded or operable. See United States v. Moore, 919 F.2d 1471, 1476 (10th Cir.1990).
 
 
 6
 To determine whether the evidence was sufficient to support Mr. Tubbs' convictions, we must review the evidence "in the light most favorable to the government to ascertain if there is sufficient substantial proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a [trier of fact could find him] guilty beyond a reasonable doubt." United States v. Sullivan, 919 F.2d 1403, 1431 (10th Cir.1990). Even though the government did not present direct testimony that the Baretta was a firearm, we find that there was sufficient circumstantial evidence at trial for the judge to conclude that the Baretta was designed to expel a projectile.
 
 
 7
 The judge could have inferred that the Baretta was a firearm from the testimony of Trooper Roberts, Agent Long, and the bank tellers. See United States v. Buggs, 904 F.2d 1070, 1076 (7th Cir.1990) (from testimony of two officers stating that the defendant had a Smith and Wesson .357 magnum, "a rational jury could have reached the conclusion that the object was a gun and that guns are designed to expel projectiles"); see also, United States v. Parker, 801 F.2d 1382, 1384 (D.C.Cir.1986) (jury could infer that weapon was a firearm where bank employees testified that defendant carried a gun, and customer familiar with guns testified that weapon appeared to be an automatic), cert. denied, 479 U.S. 1070 (1987). In addition, the gun was in evidence for the judge to examine. See United States v. Polk, 808 F.2d 33, 34 (8th Cir.1986) ("the gun was admitted into evidence in plain view of the jury, and the jury could properly assess whether the gun could fire or was designed to fire").
 
 
 8
 Mr. Tubbs' convictions are therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Tubbs was also convicted on one count of armed robbery of a federally insured bank in violation of 18 U.S.C. 2113(a), (d), but he is not appealing this conviction