Isiah ROBINSON *v.* STATE of Arkansas

CA CR 94-283                                896 S.W.2d 442

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1995

*Ronald C. Nichols*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of criminal use of a prohibited weapon and aggravated assault. He was fined $1,500.00 and sentenced to three years and six years, respectively, in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in permitting the victim to remain in the courtroom wearing a police uniform and in denying his motion for a directed verdict. We find no error and affirm.

The appellant contends that he was prejudiced because the victim's presence in the courtroom during the trial inflamed the jury. The victim in this case was a police officer, and the appellant objected to his presence in the courtroom and to his wearing a badge and a jacket with a police emblem on it. The trial court overruled the appellant's objections.

█ Arkansas Rule of Evidence 616 provides in pertinent part:

> Notwithstanding any provision to the contrary, in any criminal prosecution, the victim of a crime . . . shall have the right to be present during any hearing, deposition, or trial of the offense.

Thus, the victim of a crime is entitled to remain in the courtroom during the trial.

█ The appellant relies on *Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989), in which our Supreme Court reversed a conviction where the trial court allowed three policemen who had testified against Moore to sit inside the railing of the courtroom, in a place normally reserved for parties, directly in front of the jury, during closing arguments. The Court found that this presented a manipulation of the seating arrangement to emphasize the testimony of certain witnesses over others and was tantamount to the trial court expressing an opinion on the credibility of the witnesses. However, unlike the case at bar, the officers in *Moore* were not victims of the crime and the case was not decided on the basis of Rule 616. In the case at bar, the officer was not allowed to sit at the counsel table but sat in the spectator area of the courtroom. *See Mask* v. *State*, 314 Ark. 25, 869 S.W.2d 1 (1993).

██ We also point out that the charges against the appel-

lant arose out of an incident involving a police officer and this was made known to the jury during opening statements. We fail to see how the victim's wearing a jacket indicating his profession could have prejudiced the appellant. Prejudice will not be presumed and we do not reverse absent a showing of prejudice. *Wallace* v. *State*, 314 Ark. 247, 862 S.W.2d 235 (1993).

■■ In arguing that the trial court erred in denying his motion for a directed verdict, the appellant contends that the State did not meet its burden of proving beyond a reasonable doubt that he was guilty of the offenses with which he was charged. The appellant's abstract supporting this argument consists only of his counsel's opening statement and the colloquy between counsel and the trial court regarding his motion. Statements and arguments of counsel are not evidence. *Davis* v. *State*, 33 Ark. App. 198, 804 S.W.2d 373 (1991). The appellant failed to abstract any of the testimony presented to the jury. This Court has stated numerous times that the record on appeal is confined to that which is abstracted, and failure to abstract those portions of the record relevant to the points on appeal precludes this Court from considering those issues. *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994). However, we may go to the record to affirm, *Haynes* v. *State*, 314 Ark. 354, 862 S.W.2d 275 (1993), and having done so, hold that the evidence is sufficient to support the appellant's conviction.

Affirmed.

ROBBINS, J., agrees.

PITTMAN, J., concurs.

JOHN MAUZY PITTMAN, Judge, concurring. I concur in the result reached and join in all but the last sentence of the majority opinion. However, unlike the majority, I have not gone to the transcript, and I express no opinion on the merits of appellant's sufficiency argument.