Michael CARTER *v.* STATE of Arkansas

95-1022                                               932 S.W.2d 324

Supreme Court of Arkansas
Opinion delivered November 4, 1996

*Horace J. Fikes, Jr., Sharon M. Fortenberry,* and *C. Thompson Owens,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Michael Carter, thirteen years old, confessed to a murder committed on November 20, 1994. Following a bench trial, Carter was found guilty of capital murder and adjudicated a delinquent. He raises two points for reversal on appeal, but we affirm because Carter has failed to abstract that part

of the record that bears on the points raised.

Carter first contends the trial court committed reversible error by refusing to suppress his custodial confession. Below, Carter argued his statement resulted from an illegal arrest. He also argued other grounds, including the police officers improperly failed to advise him of his rights, they denied him counsel, and failed to obtain an informed and voluntary waiver of his right against self-incrimination. The trial court held an *in camera* hearing on Carter's suppression motion, and the trial court rendered its rulings at the end of that hearing. Carter has abstracted none of this lengthy hearing, and even though the record reflects three and one-half pages, setting out the trial court's rulings concerning Carter's custodial statements, Carter has abstracted none of them.

Carter's abstracting deficiency extends to his second argument on appeal as well. At trial, Carter objected to the admission of his confession, claiming the waiver-of-rights form he signed prior to giving his statement failed to comply with Ark. Code Ann. § 9-27-317(g)(2)(A) (Supp. 1995).[1] Again, Carter's abstract fails to reflect that part of the record dealing with the trial court's ruling on the § 9-27-317(g)(2)(A) issue.

■ Under Ark. Sup. Ct. R. 4-3(g), it is the duty of the appellant in a criminal case to abstract such parts of the record which are material to the points argued in appellant's brief. *Manning v. State*, 318 Ark. 1, 883 S.W.2d 455 (1994). Appellant's failure to abstract such material parts of the record precludes this court from considering those points on appeal. *Jackson v. State*, 316 Ark. 509, 872 S.W.2d 400 (1994). Because Carter's abstract is flagrantly deficient, we affirm pursuant to Ark. Sup. Ct. R. 4-2(b)(2). *See Haynes v. State*, 313 Ark. 407, 855 S.W.2d 313 (1993).

---

[1] No law enforcement officer shall question a juvenile who has been taken into custody for a delinquent act or criminal offense if the juvenile has indicated in any manner that he:

(i) Does not wish to be questioned;

(ii) Wishes to speak with a parent or guardian or to have a parent or guardian present; or

(iii) Wishes to consult counsel before submitting to any questioning.