Raymond WARREN *v.* STATE of Arkansas

CA CR 97-164 954 S.W.2d 298

Court of Appeals of Arkansas
Division III
Opinion delivered November 5, 1997

*Daniel G. Ritchey,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly Terry,* Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Raymond Warren was convicted by a jury of possession of cocaine. Warren alleges three evidentiary errors in the trial. We find sufficient error in appellant's first point to reverse his conviction, and we address his second two points on appeal for the limited purpose of giving guidance to the trial court since the same issues are likely to arise again on retrial. *See Pyles v. State,* 329 Ark. 73, 79, 947 S.W.2d 754, 757 (1997).

Appellant was stopped on November 18, 1994, for speeding. The officer detected the odor of intoxicants, conducted field sobriety testing, and then arrested appellant. Officers then searched his vehicle, finding a loaded .38 caliber revolver and a cellophane bag containing nine pieces of an off-white rock-like substance later determined to be crack cocaine. Officers also

found $1,335 in bills and a large number of coins on appellant's person.

A civil forfeiture proceeding ensued over the $1,335 pursuant to Arkansas Code Annotated § 5-64-401 (Supp. 1995). In that action, the court found that appellant had won this money in a crap game shortly before his arrest, and that the State had failed to prove it was proceeds or profits from a drug sale. However, despite this determination before Judge Samuel Turner in the civil forfeiture action, the State successfully introduced the money into evidence in the criminal trial.

Also, on May 11, 1995, officers obtained a warrant and searched appellant's residence, finding additional drug paraphernalia and drug residue. Charges stemming from this search were dismissed, but the State successfully introduced the seized paraphernalia in the present case.

Appellant's first point on appeal is that the trial court erred by admitting evidence seized in a search six months after the arrest for which appellant was being tried. The evidence consisted of scales, a plate with crack cocaine, and a pill bottle with cocaine residue. The trial court allowed this evidence to be admitted under Ark. R. Evid. 404(b) and the probative/prejudicial balancing test of Rule 403.

Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In the present case, the trial court ruled, as abstracted:

> In view of the issues raised by the defense in the jury selection process, the Court is going to rule that the evidence is admissible under Rule 404(b) for another purpose such as proof of knowledge, intent, absence of mistake or accident, to rebut the suggestion made by the defendant's attorney during the jury selection process that these items were placed, without the defendant's

knowledge, in the vehicle. I am willing to give a cautionary instruction in relation to this testimony. I am also willing to limit the manner in which the evidence is presented to present it in as bare a fashion as possible and also one that would limit any prejudicial effect.

In his pretrial ruling on the motion in limine to exclude the fruits of the later search, the trial court cautioned defendant's attorney about possibly "opening the door" to such evidence by disclaiming ownership of the drugs. Appellant contends his strategy was simply to force the State to prove each element of its case, and that his argument was purposefully limited to avoid disclaiming ownership of the drugs, which would have allowed extrinsic evidence to prove he had possessed drugs on other occasions. However, the trial court found fault in appellant's attempted line of questioning in voir dire. Essentially, appellant's attorney queried the potential jurors about whether they loaned their cars to people and whether they searched under the seat for contraband when the cars were returned. The State successfully objected to this line of questioning, and the standard instruction about statements of counsel not amounting to evidence was given. However, the trial court found that this exchange was sufficient to imply to the jurors that appellant was disclaiming ownership of the drugs, and therefore opened the door to the State to show his proximity to drugs and paraphernalia in the search six months later.

Appellant now emphasizes that his questions in voir dire were timely and successfully objected to by the State, effectively closing any door he may have inadvertently opened. Also, appellant argues that under the same reasoning, a plea of not guilty could amount to an implication of a disclaimer of ownership, opening the door to admission under 404(b). Appellant's argument goes on to say,

It is difficult to understand how possession of controlled substance and paraphernalia alleged to be in the appellant's residence on May 11, 1995, can be relevant or probative to whether he had possession of a controlled substance under the seat of his vehicle on November 18, 1994. A future act certainly does not prove knowledge of a past act.

In response, the State simply argues that the evidence tending to prove some material point, rather than just labeling appellant a criminal, is admissible under 404(b) with a proper cautionary instruction. *Lindsey v. State*, 319 Ark. 132, 138, 890 S.W.2d 584, 587 (1994). Further, the State argues that it is proper to rebut defense claims of lack of knowledge by introducing evidence of other wrongs. *Neal v. State*, 320 Ark. 489, 493-94, 898 S.W.2d 440, 443 (1995). However, *Neal* is distinguished because in the present case, the appellant did not testify, and his only denial of knowledge is a strained implication from counsel's attempted line of questions during voir dire.

Appellant argued vigorously to the trial court that its ruling was highly prejudicial, and would have the effect of labeling the defendant a "drug dealer" to the jury based on facts wholly outside of the present information. Notably, the evidence admitted was from subsequent actions, and not prior acts as usually is the case under this rule. Appellant states in his brief that all of the cases that deal with Rule 404(b) involve prior acts. The State did not refute this assertion, but our own research discovered that subsequent actions have been admitted to show intent, but none of these cases have been so far removed in time or as tenuous in their link to the proffered evidence as the present case. For example, in *Bragg v. State*, 328 Ark. 613, 627, 946 S.W.2d 654, 661 (1997), the supreme court affirmed the trial court's admission of testimony about a subsequent drug transaction. However, in *Bragg*, the subsequent act was relevant to the State's challenged identification of the defendant and to show intent or lack of mistake regarding the drug charge stemming from a transaction one year prior.

Also, the case of *Parker v. State*, 300 Ark. 360, 364-65, 779 S.W.2d 156, 158 (1989), allowed subsequent acts to be admitted under Rule 404(b). However, the subsequent acts in *Parker* were closely linked in time as a part of the State's evidence of the defendant's plan to murder an entire family. The court reasoned, "the entire sequence of events was such an inseparable whole that the State was entitled to prove the entire criminal episode." *Id.* (citations omitted). However, the present case is easily distinguished since there is no indication that the initial traffic stop is

part of a criminal episode culminating six months later in the search of appellant's house and the seizure of paraphernalia.

Finally, the case of *Thrash v. State*, 291 Ark. 575, 581, 726 S.W.2d 283, 286 (1987), allowed evidence of subsequent acts under Rule 404(b) when subsequent burglaries established a time-frame that was independently relevant, and where the burglaries were committed with the same *modus operandi*, or same unique method of operation. *Id.* (citing *Frensley v. State*, 291 Ark. 268, 724 S.W.2d 165 (1987).) However, the facts here include neither a time frame for the commission of a crime, nor a unique method of operation.

 The standard of review is a high hurdle in overturning a trial court's evidentiary ruling under Rule 403 or 404(b). The standard of review of a trial court's weighing of probative value against unfair prejudice is whether the trial court abused its discretion. *Peters v. Pierce*, 314 Ark. 8, 858 S.W.2d 680 (1993). The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Jarrett v. State*, 310 Ark. 358, 833 S.W.2d 779 (1992).

 However, we find appellant's argument logically and legally persuasive. The limited case law holding subsequent acts admissible under Rule 404(b) is factually distinguishable from the present case. Further, the prejudicial impact of allowing the jury to see additional drug-related evidence stemming from an entirely separate, distinct, and remote (six months later) event is clearly prejudicial, and lacks any logical connection to the stop for speeding six months earlier. Accordingly, we hold that the trial court abused its discretion by admitting evidence that was seized six months after the act for which appellant was being tried, and that lacked any temporal or logical link to the current charge.

Reversing appellant's conviction on this first point renders his second two points moot, but we address them below to the extent that they may be revisited in a subsequent trial.

For his next point, appellant argues that the failed civil forfeiture proceeding to seize the $1,335 in currency as drug proceeds

should completely bar its introduction in the instant criminal matter because of the court's finding of fact that the money was gambling proceeds. This action, appellant argues, also violated Rule 403 because it was intentionally misleading to the jury and highly prejudicial to the defendant. Without citing any case law, the appellant broadly argues that admitting the money was a violation of *res judicata*, and the civil judgment and finding of fact should have estopped the State from introducing the money in the criminal matter.

■ Collateral estoppel bars the relitigation of issues, while *res judicata* bars the relitigation of claims. The policy consideration behind both theories is the finality of litigation. *See gen.* NEWBERN, ARK. CIVIL PRAC. AND PROC. (2d ed.), § 26-13; *Coleman's Serv. Ctr. v. Federal Deposit Ins. Corp.*, 55 Ark. App. 275, 935 S.W.2d 289 (1996). Collateral estoppel is more appropriate in the present case since appellant seeks to bar admission of a single fact already judicially determined.

The State contends that even though a civil court made a specific finding-of-fact to the contrary, the criminal court may allow into evidence the seized money and argue that it had a tendency to make the existence of any fact more probable. The State argues that this Rule 401 analysis amounts to a lower burden of proof than what the State faced at the forfeiture hearing, and is therefore proper. In the alternative, the State argues that even if the money was improperly admitted, any error is harmless because of the overwhelming proof of guilt.

■ Based on the potential independent relevance of the evidence, we find that the trial court did not abuse its discretion in admitting the money found on the person of the appellant at the time of the arrest.

■ Appellant's final argument is based on the trial court allowing the State to essentially reopen its case and put on rebuttal evidence outside the scope of appellant's defense case, and based on the prosecutor's implied comment on appellant's failure to testify in his own defense. The trial court denied appellant's motion for a mistrial.

> Declaration of a mistrial, of course, is a drastic remedy and is proper only when the error is beyond repair and cannot be corrected by any curative relief. *Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1995). In addition, the granting of a mistrial is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal absent a showing of abuse. *Bradley v. State*, 320 Ark. 100, 896 S.W.2d 425 (1995).

*Turner v. State*, 325 Ark. 237, 245, 926 S.W.2d 843, 848 (1996).

■ ■ Here, the State admits that a prosecutor's comment on a defendant's failure to testify can violate the right against self-incrimination sufficient to justify a mistrial. *Bradley v. State*, 320 Ark. 100, 896 S.W.2d 425 (1995). However, the State argues that the prosecutor's comments were merely proper argument about the defendant's knowledge, a necessary element of the crime. Further, counsel are given some latitude in opening and closing remarks, *Littlepage v. State*, 314 Ark. 361, 371, 863 S.W.2d 276, 281 (1993), and remarks during closing that require reversal are rare, requiring an appeal to the jurors' passions. *Mills v. State*, 322 Ark. 647, 663, 910 S.W.2d 682, 691 (1995). The remarks here do not appeal to the jurors' passions, and do not otherwise appear to require the drastic remedy of a mistrial.

Reversed and remanded.

ROBBINS, C.J., and MEADS, J., agree.