Michael H. TURNER *v*. STATE of Arkansas

CA CR 97–161 956 S.W.2d 870

Court of Appeals of Arkansas
Division III
Opinion delivered December 17, 1997
[Petition for rehearing denied February 4, 1998.]

*Boyd Tackett, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Michael H. Turner appeals his conviction for second-degree violation of a minor for which he received a sentence of six years in the Arkansas Department of Correction. He argues three points on appeal, none of which have merit.

In November 1994, the victim and her twin brother were staying with their aunt and uncle, the appellant. Their parents were out of state at the time preparing to move back to Arkansas. Their aunt left home one night for medical training, and appellant was left in charge of the children, including his own two younger children. Appellant abused the victim in a sexual manner after the younger children had been sent to bed, and the sufficiency of the evidence regarding this incident is not in issue. He argues that evidentiary rulings prejudiced his case and require reversal. We disagree and affirm.

■ ■ Appellant moved in limine to exclude evidence of subsequent bad acts of appellant toward the victim. Appellant argues that the trial court erred when it permitted the State to introduce evidence of subsequent bad acts of appellant that were directed toward the victim because the probative value was far outweighed by prejudice to the appellant. Those subsequent bad acts included:

> (1) appellant asking the victim to sleep with him for money;

> (2) appellant attempting to kiss her, putting his tongue in her mouth;

> (3) appellant being in his bed, asking the victim to make him a sandwich and bring it to his bed, followed by the statement, "come warm up the bed with me."

These incidents all occurred within two to three weeks after the November incident.

The evidentiary rule at issue is Rule 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The supreme court has said that testimony regarding similar acts with the same child or other children in the same household may be admitted when it is helpful in showing a proclivity toward these acts with a person or class of persons with whom the accused has an intimate relationship. *Free v. State*, 293 Ark. 65, 732 S.W.2d 452 (1987); *see also Parker v. State*, 300 Ark. 360, 779 S.W.2d 156 (1989); *Thrash v. State*, 291 Ark. 575, 726 S.W.2d 283 (1987). Prior sexual contact with the victim by the accused has been ruled admissible because such evidence helps in proving the depraved sexual instinct of the accused. *Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994); *Williams v. State*, 103 Ark. 70, 146 S.W. 471 (1912); *Collins v. State*, 11 Ark. App. 282, 669 S.W.2d 505 (1984). Generally, however, these other wrongs or acts have occurred prior to the incident for which the defendant is being tried.

■ The standard of review in weighing probative value versus prejudicial effect is whether the trial court abused its discretion. *Peters v. Pierce*, 314 Ark. 8, 858 S.W.2d 680 (1993). Admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Warren v. State*, 59 Ark. App. 155, 954 S.W.2d 298 (1997). We acknowledge that we stated in *Tharp v. State*, 20 Ark. App. 93, 724 S.W.2d 191 (1987), that evidence of a subsequent act of sexual abuse that occurred a week after the incident for which the appellant was charged was not logically relevant to show the antecedent relationship of the parties. However, we also recognize that the supreme court has effectively overruled that position in *Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996). In *Douthitt*, the trial court denied appellant's motion to sever three rape counts that occurred between 1989 and 1991 from approximately sixty incest and violation-of-a-minor counts that occurred between 1993 and 1994. Appellant argued that the acts were not part of a scheme or plan and they should have been severed. Although some of these acts were subsequent to others, the supreme court upheld the trial court's ruling and stated:

> Here, the same evidence was admissible against Douthitt in each count of sexual abuse, so the trial court did not abuse its discretion in denying severance.

*Id.* at 800, 935 S.W.2d at 245; *see also Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992). The trial court did not abuse its discretion in allowing evidence of these subsequent acts because they followed in close proximity and showed motive, intent, plan, or knowledge by appellant.

■ For appellant's second point on appeal he argues that the trial court erred when it failed to give the jury an instruction on the requirement of corroboration of a confession. However, neither the proffered instruction, the arguments of counsel, nor the trial court's ruling appear in the abstract. The record on appeal is confined to what is abstracted. *Carter v. State*, 326 Ark. 497, 932 S.W.2d 324 (1996); *Moncrief v. State*, 325 Ark. 173, 925 S.W.2d 777 (1996). It is the duty of an appellant to abstract such parts of the record as are material to the points argued in his brief.

Ark. Sup. Ct. R. 4-3(g); *Carter, supra.* Appellant's failure to abstract the material portions of the record precludes us from considering the merits of this argument.

Appellant lastly argues that the trial court erred in refusing to receive into evidence certain notes prepared by an employee of the North Arkansas Human Services System. Appellant sought to offer the notes to impeach this mental health employee, stating that they were not made for the purpose of diagnosis or treatment and would not be privileged under Arkansas Rule of Evidence 503. Appellant contends that these notes would evidence improper coaching of the victim. The State argues that we should not reach the merits of this argument since the notes are not abstracted. Although not abstracted, they were made part of the record. Appellant explains that he did not abstract the notes because the trial court had sealed the notes, and it was his intent to honor that seal. However, the record on appeal to this court is confined to the material abstracted. *Carter* and *Moncrief, supra.* While we appreciate appellant's efforts to respect the trial court's direction to seal these notes, our record does not reflect that appellant sought relief from us regarding the trial court's order. His failure to include in abstract form the notes that he asserts are so important to his case could preclude us from determining whether they were privileged or not.

While we could disregard these notes and appellant's argument concerning them, we may go to the record to affirm and in this case have reviewed these notes. The notes reveal that the mental health employee met with the victim for an hour and a half prior to the first trial in this matter. She reviewed with her what would be proper behavior for the courtroom and offered support. She encouraged her to tell the truth. They discussed who the victim should look at when answering questions and how she should speak to the judge, i.e., "yes, sir" and "no, sir." Only the mental health employee was allowed to stay in the courtroom while the victim was testifying and her notes reflect that the victim did very well on the stand even during cross-examination. She was asked to assist in informing the victim that the first trial had resulted in a mistrial and that she would have to testify again. "Support and encouragement was provided." Though this evi-

dence may have fallen outside the scope of the psychotherapist-patient privilege because it was not in furtherance of diagnosis or treatment, we cannot say that its exclusion was prejudicial error.

■ The information in these notes was brought out otherwise in the cross-examination of the victim:

Q. Well, some people have talked to you and suggested to you how to—how to testify.

A. The only thing people told me was to tell the truth.

Q. Okay. No one told you how to sit on the witness stand?

A. They just told me to sit tall and tell the truth.

Q. Okay. So somebody did tell you to sit—how to sit in the witness chair. They also told you that you should look at the jury at certain times, didn't they?

A. Yeah.

Q. Okay. [A]re there some people out here in the audience here to give you visual reassurance?

A. Yes, there is.

. . .

Q. No one has ever sat out here and indicated that, you know, if you get to a rough spot, look at me, and I might—I might help you out in some way?

A. No.

Upon further cross-examination, the victim again stated that all she had been told was to tell the truth. Appellant elicited virtually every piece of information in the mental health worker's notes. We will not reverse an evidentiary ruling absent a showing of prejudice. *Clark v. State*, 323 Ark. 211, 913 S.W.2d 297 (1996); *Solomon v. State*, 323 Ark. 178, 913 S.W.2d 288 (1996); *Robinson v. State*, 49 Ark. App. 58, 896 S.W.2d 442 (1995).

Affirmed.

MEADS and ROAF, JJ., agree.