Kathy S. RABB *v.* STATE of Arkansas

CA CR 00-153 39 S.W.3d 11

Court of Appeals of Arkansas
Division IV
Opinion delivered February 7, 2001

*Honey & Honey, P.A.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

L ARRY D. VAUGHT, Judge. Appellant Kathy S. Rabb brings this appeal from her conviction on three drug-related charges: 1) possession of a controlled substance (methamphetamine) with intent to deliver; 2) conspiracy to deliver a controlled substance; and 3) simultaneous possession of a firearm and a controlled substance. She was sentenced to a total of thirty-one years' imprisonment in the Arkansas Department of Correction. Appellant now asks us to reverse, contending that there was insufficient evidence to support her convictions and because the trial court violated Rule 401 and 402 of the Arkansas Rules of Evidence during her trial. We affirm the first two convictions and reverse and dismiss the simultaneous-possession conviction.

In October of 1998, police in Orange County, California, arrested appellant's estranged husband, Edward Rabb, on the charge of possession of methamphetamine with intent to deliver. The arrest followed a search of his property that yielded six pounds of methamphetamine, approximately $60,000 in cash, one pound of marijuana, and several documents detailing an active drug-trafficking enterprise. The documents led police to Monticello, Arkansas, and ultimately to appellant. Police officers from California flew to

Arkansas on October 28, 1998, and enlisted the assistance of the Monticello Police Department to obtain a valid Arkansas search warrant. On October 29, 1998, Orange County officers executed their search of appellant's residence at 507 North Church in Monticello. The search revealed $4,000 in cash and $14,000 in appellant's bank account, but no drugs.

On November 13, 1998, the Orange County officers returned to Arkansas and obtained another valid Arkansas warrant to search appellant's residence for any items they may have missed during the initial search. The second search uncovered approximately six ounces of methamphetamine, postal scales, an unloaded .22 caliber rifle, over 200 syringes, documents detailing an active drug-trafficking enterprise, and over $350,000 in cash. Based on the evidence collected, appellant was charged with possession of methamphetamine with intent to deliver (under the enhancement statute regarding distribution-near-certain-facilities), simultaneous possession of drugs and firearms, conspiracy to deliver methamphetamine, and use of a communication facility to commit a felony. The trial judge directed a verdict in appellant's favor on the use of a communication facility to commit a felony, and the jury found her guilty of the four remaining charges.

 Appellant alleges that the trial court erred in refusing to direct verdicts based on insufficient evidence to support three of her four convictions. When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *See, e.g., Gilbert v. State,* 341 Ark. 601, 19 S.W.3d 595 (2000). Sufficient evidence, whether direct or circumstantial, is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resort to speculation or conjecture. *See, e.g., Dodson v. State,* 341 Ark. 41, 14 S.W.3d 487 (2000); *Wilson v. State,* 332 Ark. 7, 962 S.W.2d 805 (1998). Only evidence supporting the verdict will be considered. *Carmichael v. State,* 340 Ark. 598, 12 S.W.3d 225 (2000). We do not, however, weigh the evidence presented at trial, as that is a matter for the fact-finder; nor will we weigh the credibility of the witnesses. *See, e.g., Wilson v. State,* 322 Ark. 7, 962 S.W.2d 805 (1998).

*Possession of a Controlled Substance with Intent to Deliver*

■ The appellant first argues that the State failed to prove that she possessed a controlled substance with the intent to deliver. Arkansas Code Annotated section 5-64-401(a) (Repl. 1997) provides that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." While there is no argument that the State proved that appellant possessed a large amount of methamphetamine, she argues that no evidence was presented to indicate her intentions toward the controlled substance. Therefore, appellant reasons, the State failed to meet its burden with regard to the second prong of Ark. Code Ann. § 5-64-401(a). However, possession of more than two hundred milligrams of methamphetamine gives rise to a presumption of intent to deliver.[1] *See* Ark. Code Ann. § 5-64-401(d); *Owens v. State,* 325 Ark. 110, 926 S.W.2d 650 (1996); *Sanchez v. State,* 288 Ark. 513, 707 S.W.2d 310 (1986).

■ The record reveals the following pertinent facts. On November 13, 1998, a second warrant was issued allowing a search of appellant's residence. There is no dispute that appellant is the sole and primary resident of the home that was searched. Authorities recovered three packets that were later revealed to contain methamphetamine. One packet contained six separate plastic bags, all with a rock-like substance inside. The two remaining packets also contained a rock-like substance. A chemical analysis was done on each packet and each analysis was positive for methamphetamine. The total weight of all three exhibits was 190.034 grams, over six ounces. This evidence was introduced at trial through Dominick P. Derado, a deputy sheriff with the Orange County Sheriff's Department who participated in the search, and Michael Stage, a forensic drug chemist with the State Crime Lab. The State offered substantial proof of appellant's intent toward the methamphetamine, since the amount recovered from appellant's home far exceeded the two hundred milligram threshold required to establish a presumption of intent to deliver. The physical evidence alone is sufficient for us to affirm appellant's conviction of

---

[1] Methamphetamine is not specifically listed in § 5-64-401(d) (Repl. 1997). However, there is a general provision for a controlled substance falling into the category of a "stimulant drug." The presumption of intent to deliver will attach to a "stimulant drug" if the quantity possessed is in excess of 200 milligrams.

possession of a controlled substance with the intent to deliver. *See Owens v. State*, 325 Ark. 110, 926 S.W.2d 650.

### Conspiracy to Deliver a Controlled Substance

■ Next, appellant argues that the State failed to provide substantial evidence that she engaged in a conspiracy to deliver methamphetamine. Arkansas Code Annotated section 5-64-401(a) prohibits a person from delivering a controlled substance. "Delivery" is defined as the "actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship[.]" Ark. Code Ann. § 5-64-101(f) (Repl. 1997). Arkansas Code Annotated section 5-3-401 (Repl. 1997) provides that:

> A person conspires to commit an offense if with the purpose of promoting or facilitating the commission of any criminal offense:
>
> (1) He agrees with another person or other persons:
>
>> (A) That one (1) or more of them will engage in conduct that constitutes that offense; or
>>
>> (B) That he will aid in the planning or commission of that criminal offense; and
>
> (2) He or another person with whom he conspires does any overt act in pursuance of the conspiracy.

In order to sustain a conviction, proof is required that defendant entered into an agreement with another person to commit the crime of delivery of methamphetamine and that one of them did at least a minimal act in furtherance of that agreement. *See Jones v. State,* 45 Ark. App. 28, 33, 871 S.W.2d 403, 406 (1994). The State may prove a conspiracy with circumstantial evidence and inferences drawn from the conspirators' conduct. *See Henry v. State*, 309 Ark. 1, 8, 828 S.W.2d 346, 350 (1992).

The record reflects that on November 13, 1998, a search of appellant's home uncovered over six ounces of methamphetamine, postal scales, over 200 syringes, numerous plastic bags, and over $350,000 hidden throughout the residence. In addition to the physical evidence recovered from her home, evidence was presented

that appellant made several trips to visit her estranged husband, Edward Rabb, in California; that during a six-month period most of her long distance calls were to California; and that appellant was the likely author of several letters recovered from the home of Mr. Rabb. The letters outlined plans for the execution of a successful drug-trafficking scheme. Specifically, the letters instructed that drug dogs could not smell through Vaseline, mentioned ways to effectively hide currency, and offered an accounting of numerous cash financial transactions.

■ Appellant argues that the frequent contact with her estranged husband centered around their daughter, Starr, and the "State failed to present evidence of a substantial nature of an agreement between the Rabbs to commit any crimes against the State of Arkansas." We disagree. It is rare that direct evidence of a conspiracy, due to the very nature of a criminal conspiracy, is readily available for presentation to a jury. *See Lee v. State*, 27 Ark. App. 198, 770 S.W.2d 148 (1989). Thus, in *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991), the supreme court held that concert of action to commit an unlawful act may be shown by circumstantial evidence, without direct proof of a conspiracy.

■ There is sufficient evidence contained in the record to show that appellant, acting "with the purpose of promoting or facilitating the commission" of delivery of methamphetamine, agreed with Mr. Rabb (1) that one or more of them would engage in conduct that constitutes delivery of methamphetamine, or (2) that appellant would "aid in the planning or commission" of the offense and that numerous "overt acts" (including possession of a large amount of methamphetamine, sending the letters, and hiding over $350,000) were committed in pursuance of the conspiracy. *See Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997).

*Simultaneous Possession*

In her third sufficiency-of-the-evidence challenge, appellant argues that the trial court erred in refusing to direct a verdict on the simultaneous possession charge. Arkansas Code Annotated section 5-74-106 (Repl. 1997) provides that no person shall unlawfully commit a felony violation of section 5-64-401 (Repl. 1997) (manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance) or unlawfully attempt, solicit, or

conspire to commit a felony violation of section 5-64-401 while in possession of a firearm. Ark. Code Ann. § 5-74-106(a)(1). Additionally, Arkansas Code Annotated section 5-74-106(d) provides that it is a defense that "the defendant was in his home and the firearm was not readily accessible for use."

In *Gilbert v. State*, 341 Ark. 601, 19 S.W.3d 595 (2000), the supreme court articulated the elements required to sustain a simultaneous possession conviction. The proof must show that appellant possessed a firearm, *Darrough v. State*, 322 Ark. 251, 908 S.W.2d 325 (1995), and that a connection existed between the firearm and the controlled substance. *Johnson v. State*, 333 Ark. 673, 972 S.W.2d 935 (1998). Appellant argues that the State failed to prove a connection between the firearm and the controlled substance, and she also raises the statutory defense that the "defendant was in [her] home and the firearm was not readily accessible for use." *Id.*; *see also* Ark. Code Ann. § 5-74-106(d).

A .22 caliber rifle was recovered from the kitchen of appellant's residence. A ceramic dog with over $100,000 hidden inside was also recovered from the kitchen. The large amount of methamphetamine and cash found in the house is sufficient to establish the nexus between the controlled substance and the firearm, satisfying the two elements of Ark. Code Ann. § 5-74-106(a)(1). There is no dispute that appellant was in her home and that the gun was in plain view (not in a closet or otherwise hidden). There is nothing in the record to indicate that the gun was loaded or that any ammunition was recovered during the search of appellant's home.

Our code does not define the phrase "readily accessible for use," but our supreme court addressed the issue in *Manning v. State,* 330 Ark. 699, 956 S.W.2d 184 (1997). In *Manning,* two firearms were found, one loaded and one unloaded. Both were secreted in a closet, wrapped in a ski mask. The supreme court sustained the conviction upon finding that the *loaded* gun was within the defendant's easy reach, and therefore was, readily accessible for use.

We construe the phrase "readily accessible for use" to mean "for use" as a firearm. An unloaded weapon with no ammunition available is not usable as a firearm. In this case, the rifle was not loaded and no ammunition was recovered. Therefore, the weapon was not readily accessible for use as a firearm. Appellant's

conviction for simultaneous possession of a controlled substance and a firearm is reversed and dismissed.

*Violation of Rule 401 and 402 of the Arkansas Rules of Evidence*

For appellant's second point on appeal, she argues that the trial court erred when it allowed the introduction of several writings that were discovered at her husband's home in California. The writings were used by the State as part of its proof in the conspiracy charge. The State's handwriting expert testified that there were "strong indications" that the handwriting was by appellant and that it was a "virtual impossibility" that someone other than appellant had produced the writings in question. The expert also testified that the writings were of a common authorship.

 ██ However, none of the questioned writings were included in appellant's abstract. The failure of appellant to abstract a critical document precludes this court from considering issues concerning it. *See Jackson v. State*, 316 Ark. 509, 872 S.W.2d, 400 (1994); *Turner v. State*, 59 Ark. App. 249, 956 S.W.2d 870 (1997). The record on appeal is confined to what is abstracted. *See Moncrief v. State*, 325 Ark. 173, 925 S.W.2d 777 (1996); *Carter v. State*, 326 Ark. 497, 932 S.W.2d 324 (1996). It is the duty of an appellant to abstract such parts of the record as are material to the points argued in her brief. Ark. Sup. Ct. R. 4-3(g); *Carter, supra*. Appellant's failure to abstract the material portions of the record preclude consideration of the merits of this argument.

Affirmed in part; reversed and dismissed in part.

STROUD, C.J., and BIRD, J. agree.