STATE of Missouri, Appellant,

v.

Bobby L. BIRD, Respondent.

No. WD 45828.

Missouri Court of Appeals,
Western District.

April 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied June 29, 1993.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

LOWENSTEIN, Presiding Judge.

A jury convicted Bobby L. Bird of three counts of sodomy against two male victims, RL, age 10 and JD, age 12 under § 566.060, RSMo Cum. Supp.1992 (amended 1990). Bird received three concurrent ten-year terms of imprisonment. He now claims error in allowing testimony that implicated him in uncharged crimes, *State v. Bernard*, 849 S.W.2d 10 (Mo. banc 1993), and seeks plain error review of submission of the instruction defining "reasonable doubt."

The evidence favorable to the verdict showed that during the summer of 1989, RL, JD and MS, age 9, played on Bird's property with his son, age 11. On one occasion, Bird asked RL to come into his shed. Once inside, Bird showed RL magazines containing pictures of men and women engaged in sexual intercourse and a "false penis" attached to a vibrator. While Bird masturbated, he fondled RL's penis. Bird reached inside RL's pants, rubbed his penis, and then performed oral sex on him.

Approximately one week later, RL and JD went to Bird's property to work on a go-cart. Bird accompanied the boys into his barn to look for parts for the go-cart. Inside the barn, Bird directed the boys to the hayloft where he showed them a book containing pornographic pictures of men and women engaged in a variety of sexual acts. Bird masturbated; he then rubbed and sucked the penises of each boy. The jury brought in guilty verdicts on these counts for violations on RL and JD.

Bird claims prejudicial error in allowing the testimony of MS, who implicated him in uncharged crimes. Over objections, MS testified that in the summer of 1989, when he went to play with Bird's son, Bird had shown him magazines depicting naked people having sex. Bird also had pulled down MS' pants and rubbed his penis. MS said this happened more than five times that summer. Bird's wife later "burned the magazines."

Bird contends that MS' testimony failed to fall within any of the recognized exceptions to the general rule against admission of evidence of uncharged offenses. He insists the state improperly relied on the common scheme or plan exception for admission of MS' testimony. In support, Bird argues the testimony failed to establish a plan or a conscious course of conduct; the testimony lacked a connection to any issue of identity; the testimony unfairly attempted to demonstrate Bird's bad character and propensity for sexually abusing young boys; and the testimony served no purpose other than to prejudice and inflame the jury.

When the case was tried, the law as to corroborative evidence of uncharged crimes in sex crimes against children was defined in the Eastern District's case of *State v. Lachterman*, 812 S.W.2d 759 (Mo.App. 1991). There the defendant committed two counts of sodomy on a nine-year-old boy. *Id.* at 762. The defendant picked him up in a parking lot, took him to a school parking area, sodomized him and gave him and his cousin money. *Id.* Basically, the defendant did the same thing the next day. *Id.* One question in the case involved whether the seized evidence of video tapes of testimony about sodomizing other boys on different dates constituted evidence of other crimes. *Id.* at 765. "Under the guise of the common scheme or plan exception, we admit evidence of defendant's sexual misconduct with the victim's siblings ... The 'plan' is to fulfill the deviate sexual instinct, proclivity, propensity, or disposition to engage in sexual conduct with children." *Id.* at 768.

Similar acts of sexual abuse of children of the same sex as the victim at or near in time to the acts charged, tend to prove defendant's guilt of the charged crime. *Id.* But, remoteness in time of similar misconduct may destroy the probative value. *Id.* at 769. Repeated acts demonstrate a per se propensity for depraved sexual instinct which the court recognized as a separate and distinct exception to the rule against admission of evidence of uncharged crimes. *Id.* at 768. In sum, sexual abuse of children of the same sex as victim, occurring near in time is considered relevant under *Lachterman*. The recurring penchant for sex with children demonstrates such a de-

pravity "to give significance to the uncharged conduct." *Id.* at 769.

After submission of the case at bar, along came the opinion in *State v. Bernard,* 849 S.W.2d 10 (Mo. banc 1993), where the Missouri Supreme Court decided "not to adopt the 'depraved sexual instinct' exception of *Lachterman.*" *Id.* at 16. The *Bernard* court explained on page 16: "A blanket rule allowing evidence of any recent misconduct by the defendant with a child of the same sex as the victim may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged." *Id.* at 16, relying on Imwinkelreid, *Uncharged Misconduct Evidence* § 4.16 (1990).

To the extent the supreme court overruled *Lachterman,* so was the basis for allowing into evidence in this case the testimony of the witness, MS, about similar acts by the defendant at or near the time of the charged crimes.

The ultimate question in the case at bar then is whether *Bernard* went on to create a basis for the testimony of MS. If not, then, under *Bernard,* Bird is clearly entitled to a new trial. *Bernard* adopted a signature *modus operandi* /corroboration exception. *Id.* at 16. The court noted the secretive nature of child molestation cases and the ultimate credibility contest between the defendant and the child accuser. *Id.* at 17. As such, evidence of prior crimes is relevant and admissible "only if the probative value of the evidence outweighs its prejudicial effect." *Id.* Relying on *State v. Sladek,* 835 S.W.2d 308 (Mo. banc 1992), the *Bernard* opinion states for corroboration evidence to be of sufficient probative value to outweigh its prejudicial effect, "the evidence must be more than merely similar in nature to the sexual assault for which the defendant is charged [and be] nearly identical to the charged crime and so unusual and distinctive as to be a signature of the defendant's *modus operandi.*" *Id.* at 17. Under this exception, which replaces the depraved sexual instinct exception, the trial court has discretion "to determine whether the passage of time between the incidents is so lengthy that the prejudice or other 'cost' of the evidence outweighs the probative value of the signature *modus operandi* ... [T]he number of unusual and distinctive incidents that occurred in the past should also be taken into account ..." *Id.* at 19.

Under the new exception of *Bernard,* the first focus here is whether the testimony of incidents that amount to other uncharged crimes by MS is nearly identical to the charged crimes. That answer is in the affirmative. In both the charged and uncharged incidents the young boys were friends of the defendant's son, they were lured into a shed or barn to look at "dirty pictures," they were sodomized by the defendant and then he masturbated himself. The more difficult question is does the evidence of MS, which corroborates the testimony of the victim's, amount to conduct "so unusual and distinctive as to be a signature of the defendant's *modus operandi* ?" There is no question as to the third element of the *modus operandi* test, the remoteness of the incidents, as the incidents in question occurred during the same summer.

*Bernard* concerned a minister charged with sexual abuse and attempted forcible sodomy. Bernard tricked the 14–year–old male victim into spending the night in a motel with him. *Id.* at 12. The two played "strip rummy," Bernard rubbed the victim on his genitals and then Bernard placed his erect penis against the victim's genitals. *Id.* Bernard also took a photo of the victim in his underwear. *Id.* at 13. Bernard encouraged the victim to take off his clothes and run or walk around the car in his underwear. *Id.* As applicable here, the *Bernard* court examined the testimony of witnesses telling of uncharged incidents to corroborate to see if they were so unusual or distinctive to fit within the new test. The court found the defendant's preference for naked or partially naked boys running around a moving car or on a car as being "... so unusual and distinctive as to 'earmark' it as conduct of the accused and, thus, to corroborate the similar testimony of the victim ..." *Id.* at 19. The court found the following evidence inadmissible

under the unusual and distinctive test: 1) corroborative evidence of possession or showing nude photos of members of youth groups; 2) arranged sleep-overs to then abuse; and 3) photos of victims in their underwear. *Id.* at 19.

The supreme court reversed *Bernard* for the trial court's admission of the inadmissible and prejudicial evidence. This court is bound to follow the *Bernard* exception. When gauged against the facts of *Bernard*, this court has no other choice but to deem and declare the corroborative testimony of MS, though similar, and close in time, does not meet the element of being unusual or distinctive.

It may be sad commentary of society in 1993, but the luring of young boys into a barn with the promises of working on machinery and looking at dirty pictures with the purpose of sodomizing them cannot, under *Bernard*, be held that unusual or distinctive to support corroborative testimony.

This court must reverse the conviction and grant a new trial. The other point as to the reasonable doubt definition within the instruction is ruled against the defendant.

Reversed and remanded for a new trial.