Allen Eugene DRYMON *v.* STATE of Arkansas

CR 96-260 938 S.W.2d 825

Supreme Court of Arkansas
Opinion delivered February 17, 1997

*Brenda Horn Austin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., and *Rinda Baker*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of Rules Governing Admission to the Bar of the Arkansas Supreme Court, for appellee.

PER CURIAM. The appellant, Allen Eugene Drymon, was convicted of four counts of rape and was sentenced to fifty years' imprisonment. We affirmed his conviction on direct appeal in *Drymon v. State*, 316 Ark. 799, 875 S.W.2d 73 (1994). Within sixty days of the mandate that was issued from the direct appeal, Drymon filed a petition for postconviction relief pursuant to A.R.Cr.P. Rule 37. The Trial Court denied his petition. We affirm.

Drymon's conviction arose from charges that he raped his two minor stepdaughters. During its investigation of the matter, the Washington County Sheriff's Office sent Deputy Sheriff

Freiheit to Drymon's place of employment to pick him up for questioning. When they arrived at the police station, Drymon waived his *Miranda* rights and gave a statement in which he admitted to having intercourse with his two stepdaughters.

In a suppression hearing before the trial, Drymon challenged the admissibility of his inculpatory statement on the basis that he was too intoxicated to knowingly and intelligently waive his rights. The Trial Court denied the motion to suppress, and in the direct appeal, we affirmed. *Drymon v. State, supra.*

In his petition for postconviction relief and in this appeal, Drymon argues that he did not receive effective assistance of counsel because his attorney did not move to suppress the statement pursuant to A.R.Cr.P. Rule 2.3, which reads:

> If a law enforcement officer acting pursuant to this rule requests any person to come to or remain at a police station, prosecuting attorney's office or similar place, he shall take such steps as are reasonable to make clear that there is no legal obligation to comply with such request.

Drymon contends that Deputy Freiheit, at the time she appeared at his place of employment to take him in for questioning, did not give him the warning required by the rule. Accordingly, he argues that his attorney performed deficiently when he did not raise this issue in the motion to suppress. Drymon also contends that he was prejudiced because his attorney's failure allowed the admission of his inculpatory statement.

 To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reason-

able professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668 (1984).

Before we reach the merits of Drymon's arguments, we must note that the trial, while abstracted by both of the parties, has not been included in the record. According to Ark. Sup. Ct. R. 4-2(a)(6), an appellant in a "second or subsequent appeal" is required to abstract all pertinent portions of the record from the first appeal. Those portions of the first record, however, need not be included in the record that is filed in the second appeal. The record of the first trial, having already been filed with the appellate court in the earlier appeal, is a public record which need not be incorporated into the record on the second appeal.

█ In this case, Drymon appeals from an order that denies postconviction relief, rather than from a judgment that is entered after a case has been remanded. His appeal, therefore, is not a "second or subsequent appeal," and the relevant portion of Rule 4-2(a)(6) is not directly applicable. We are inclined, however, to allow Drymon and the State to abstract material portions of the trial because it was included in the record that was filed in Drymon's direct appeal. Therefore, we will treat the parties' effort to abstract the trial as a motion to consolidate the record from the direct appeal with the record in this appeal; and we grant the motion.

█ █ Regarding the merits of Drymon's argument, we find that he did not prove that he received ineffective assistance of counsel. Specifically, Drymon has not proven that he was prejudiced by his attorney's failure to move to suppress the statement on the basis of A.R.Cr.P. Rule 2.3. The State's supplemental abstract indicates that each of the victims testified that Drymon had intercourse with them. It is well established that the uncor-

roborated testimony of a child rape victim is sufficient evidence to sustain a conviction. *Caldwell v. State*, 319 Ark. 243, 891 S.W.2d 42 (1995). Consequently, there is not a reasonable probability that the outcome of the trial would have been different even if Drymon's inculpatory statement had been suppressed pursuant to A.R.Cr.P. Rule 2.3. Accordingly, we affirm the Trial Court's order.

Affirmed.