Jerome HERNANDEZ *v.* STATE of Arkansas

CR 97-1191                                      962 S.W.2d 756

Supreme Court of Arkansas
Opinion delivered February 5, 1998

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Appellant Jerome Hernandez was convicted of raping his stepdaughter. He was sentenced to life imprisonment. He argues that the Trial Court erred in admitting evidence of a subsequent act of sexual misconduct with a child other than the victim of the alleged rape. We hold that the evidence was properly admitted pursuant to Ark. R. Evid. 404(b) and the pedophile exception recognized by this Court.

The victim testified to these facts. She was approximately two years old when her mother married Mr. Hernandez. When she was six years old and the family was living in Louisiana, Mr. Hernandez took her behind a candy store and told her that he would give her a piece of candy if she did what he told her to do. She agreed. Mr. Hernandez then kissed her and inserted his fingers into her vagina. He removed her pants and his, and then they had "intercourse." She was afraid and in pain, and she did not tell anyone about the incident.

Around 1986, when she was nine years old, the victim and her family moved to Little Rock. Mr. Hernandez decided she would have a bedroom separate from the sleeping quarters of the other members of the family. He came into her bedroom about midnight approximately every other night. He would undo her pants, place his fingers in her vagina, and kiss her vagina and lips. Mr. Hernandez told her not to say anything about the abuse. She did not tell anyone about the abuse because she was afraid that Mr.

Hernandez would hurt her, her mother, or someone else in the home if she did.

The family moved to North Little Rock when she was approximately twelve years old. Again, Mr. Hernandez decided that her bedroom would be separate from the bedrooms of the other family members. Mr. Hernandez came into her bedroom, got on his knees on the side of her bed, took her underwear off, put his fingers into her vagina, and kissed her. Mr. Hernandez did not abuse her as often as he did when she was younger. He came into her bedroom to abuse her two or three times a week compared to every other night as he had done earlier.

Shortly thereafter, while she was still twelve years old, the family moved to another house in North Little Rock. Again, Mr. Hernandez decided that her bedroom would be apart from the other family members' bedrooms. At this location, Mr. Hernandez sexually abused her on a few occasions, but it ended after she began pushing him away and after she had informed her mother about his conduct. Mr. Hernandez told the victim that he enjoyed what he did to her because little girls had smaller vaginas than older women. Mr. Hernandez offered her money to have sex with him, but she refused.

The other witness for the State testified that she was sexually abused by Mr. Hernandez when she was six years old. Prior to trial, Mr. Hernandez argued that the testimony was not admissible pursuant to Ark. R. Evid. 404(b) and 403. The Trial Court, noting the pedophile exception, admitted the testimony upon finding that the witness's testimony was relevant and that it survived a Rule 403 analysis.

The witness testified to these facts. She was eleven years old at the time of trial. She had known the victim in this case for five or six years. Their brothers were friends, and she knew the victim's family and went to their house frequently as they lived in the same neighborhood. She was allowed to spend the night at the Hernandez home. On an evening in 1992, Mr. Hernandez asked her to carry some beer cans for him. He went with her to the garage and shut the door behind him. Mr. Hernandez then put his hand under her bathing suit in front of her vaginal area. On

another occasion when she was spending the night at the Hernandez home, she was sleeping on the couch while the victim and her mother were running an errand. She woke up when Mr. Hernandez began touching her with his hand in her "privacy" under her clothes. He showed her a dollar and asked her if she wanted it. She took the money because she thought it was a gift. When he began to "get onto" her, she realized that the money was in exchange for sexual favors, and so she gave it back to him.

Arkansas R. Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may however, be admissible for other purposes, such as proof of notice, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Munson v. State*, 331 Ark. 41, 959 S.W.2d 391 (1998); *Jarrett v. State*, 310 Ark. 358, 833 S.W.2d 779 (1992). The list of exceptions set out in the Rule is exemplary and not exhaustive. *Mosley v. State*, 325 Ark. 469, 929 S.W.2d 693 (1996); *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Testimony is admissible pursuant to Rule 404(b) if it is independently relevant to the main issue — relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal or a bad person. *Mosley v. State, supra*; *Morgan v. State,* 308 Ark. 627, 826 S.W.2d 271 (1992). In recognizing the pedophile exception to Rule 404(b), we have approved

> allowing evidence of similar acts with the same or other children in the same household when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship.

*Mosley v. State*, 325 Ark. at 473, 929 S.W.2d at 696, *citing Free v. State,* 293 Ark. 65, 732 S.W.2d 452 (1987). *See Clark v. State*, 323 Ark. 211, 913 S.W.2d 297 (1996); *Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994). The rationale for recognizing the excep-

tion is that such evidence helps to prove the depraved sexual instinct of the accused. *Id.*

### 1. Time interval

Mr. Hernandez raises several arguments to support his position that the witness's testimony should not have been admitted despite the pedophile exception. First, he argues that the testimony should not have been admitted because the abuses of the two girls occurred some two years apart. Mr. Hernandez's abuse of the victim ended in 1990 when she was twelve, and the witness testified that she was abused by Mr. Hernandez in 1992.

Since the adoption of Rule 404(b), we have recognized time as a factor in determining the probativeness of evidence of a prior crime. *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994). In several cases involving the pedophile exception, we have admitted evidence of another crime which occurred over a year prior or subsequent to the crime with which the appellant was charged. In *Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996), we upheld a refusal to sever three rape counts from other counts involving incest and first-degree violation of a minor against the appellant when the rape counts were alleged to have occurred from 1989 through 1991 and the other sixty counts were alleged to have occurred in 1993 through March 1994. The appellant argued that the "break" in time reflected that the rape charges were not a part of a single scheme or plan and that the trials therefore should have been severed. We, referring to the pedophile exception, held that the Trial Court did not abuse its discretion in denying severance because the same evidence was admissible against the appellant in each count of sexual abuse.

In *Mosley v. State, supra*, a case involving a charge of rape of the appellant's stepdaughter and incest that began when she was fifteen, we held that the Trial Court properly admitted proof that the appellant, eleven years earlier, had pleaded guilty to the crime of carnal abuse of his six-year-old stepdaughter. Referring to the pedophile exception, we noted that the Trial Court considered both the similarity of the prior conviction to the current charges of rape and incest and the stepparental relationship of the appellant with both of the victims and that the Trial Court correctly applied

Rule 404(b). Recently, in *Munson v. State, supra,* we held it was proper to admit a witness's testimony of sexual abuse that occurred two and a half years prior to the abuse of the victim in the case in view of the similarity of the acts of abuse with each victim.

The passage of two years between the time of the abuse of the victim and the abuse of the witness in this instance is not a sufficient basis for us to hold that there was an abuse of the Trial Court's discretion in admitting the witness's testimony.

### 2. Similarity of acts

Second, Mr. Hernandez argues that the abuse of the victim in this case and the witness's allegations of abuse are not sufficiently similar to be probative because the victim testified that the abuse involved digital penetration and intercourse whereas the witness only testified that Mr. Hernandez touched her "privacy." To the contrary, the pedophile exception seems especially applicable in view of the evidence that Mr. Hernandez was attracted to the physical characteristics of young girls and the evidence that Mr. Hernandez attempted to offer both the victim and the witness gifts in exchange for sexual favors. Additionally, the victim testified that Mr. Hernandez began abusing her when she was six years old, and the witness testified that she was abused by Mr. Hernandez when she was the same age. *See Fry v. State,* 309 Ark. 316, 829 S.W.2d 415 (1992) (affirming the Trial Court's decision to admit a witness's testimony of sexual abuse to show a pattern of behavior by the appellant and noting that the abuse began when both the two victims and the witness were approximately nine years old and progressed from fondling to intercourse). The abuse of the victim and the allegations of the witness are sufficiently similar to show Mr. Hernandez's proclivity toward sexual abuse of young girls.

### 3. Intimate relationship

Third, Mr. Hernandez argues that the pedophile exception does not apply to the witness's testimony because, while the victim in the case was Mr. Hernandez's stepdaughter, there was not an intimate relationship between Mr. Hernandez and the witness. *See Mosley v. State, supra* (stating "we approved allowing

evidence of similar acts with the same or other children in the same household when it is helpful in showing a proclivity for a specific act with a person or class of persons *with whom the defendant has an intimate relationship*")(emphasis added). We have not considered what constitutes an intimate relationship for purposes of the pedophile exception. We have, however, not required that the victim or witness permanently live in the same household or be related to the accused. *See Munson v. State, supra* (holding the Trial Court properly admitted testimony of prior abuse when the victim was visiting the accused and her sister for a week when the abuse occurred). *See also Greenlee v. State, supra* (holding the Trial Court properly admitted the appellant's prior convictions for sexual offenses against children who were entrusted to the appellant for babysitting when the victim in the case was also entrusted to the appellant for babysitting care); *George v. State*, 306 Ark. 360, 813 S.W.2d 792 (1991) (holding the Trial Court properly admitted the appellant's prior conviction for first degree sexual abuse of an unidentified child when the victim in the case was entrusted to the appellant for babysitting care). "Intimate" is defined as "close in friendship or acquaintance, familiar, near, confidential." BLACK'S LAW DICTIONARY 821 (6th ed. 1990). The witness's relationship with Mr. Hernandez was sufficiently intimate to meet the requirement of the pedophile exception. The witness testified that she knew the Hernandez family and was allowed to spend the night at the home. She also testified that, at the time she was abused by Mr. Hernandez, she was spending the night at the Hernandez home.

### 4. Order of events

Fourth, Mr. Hernandez argues that the witness's testimony should not have been admitted pursuant to the pedophile exception because the testimony describes conduct that occurred subsequent to the offense for which Mr. Hernandez is charged and because the described conduct was not part of a continuing course of conduct perpetrated against the victim in this case. We have upheld the admissibility of sexual misconduct occurring subsequent to the charged conduct. *See Douthitt v. State*, 326 Ark. 794, 935 S.W.2d 241 (1996) (affirming the Trial Court's decision not to sever three counts of rape alleged to have occurred from

1989 through 1991 from the counts involving incest and first-degree violation of a minor alleged to have occurred in 1993 through March 1994 because the same evidence was admissible against the appellant in each count of sexual abuse). We have also admitted evidence of subsequent conduct in other cases to prove identity, intent, lack of mistake, and the circumstances connected with the crime. *See Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997)(identity and intent or lack of absence or mistake); *Collins v. State*, 304 Ark. 587, 804 S.W.2d 680 (1991)(circumstances connected with the crime); *Parker v. State*, 300 Ark. 360, 779 S.W.2d 156 (1989)(intent and circumstances surrounding the crime); *Thrash v. State*, 291 Ark. 575, 726 S.W.2d 283 (1987)(*modus operandi*).

Mr. Hernandez cites *United States v. Back*, 588 F.2d 1283 (9th Cir. 1979)(holding the district court erred in admitting a witness's testimony of a subsequent rape not because it occurred after the rape for which the appellant was charged but because it was introduced only to prove the criminal disposition of the appellant), and *Warren v. State*, 59 Ark. App. 155, 954 S.W.2d 298 (1997)(holding the Trial Court improperly admitted additional drug-related evidence seized in a search six months after the appellant was stopped for a traffic violation and arrested for possession of cocaine partially because the limited case law holding subsequent acts admissible under Rule 404(b) was factually distinguishable from the present case).

■ The pedophile exception allows testimony to show that the perpetrator has a "proclivity" for the sexual abuse of children. Whether the witness testifies that he or she was abused before or after the conduct for which the defendant is charged, the testimony can show that the perpetrator has such a "proclivity." Unlike the cases cited by Mr. Hernandez, we are not concerned here about a continuing course of conduct or a general criminal proclivity. The basis of the pedophile exception to Rule 404(b) is our acceptance of the notion that evidence of sexual acts with children may be shown as that evidence demonstrates a particular proclivity or instinct.

#### 4. Limits on the evidence; Rule 403

In support of his argument that there must be some "parameters" for the admission of evidence pursuant to the pedophile exception, Mr. Hernandez cites *State v. Bird*, 854 S.W.2d 807, 809 (Mo. App. W.D. 1993), in which a Missouri Court of Appeals recognized that the Supreme Court of Missouri had recently rejected a version of the pedophile exception because such "a blanket rule . . . may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged." Mr. Hernandez also notes that at least one court has recognized that evidence that a defendant committed an illegal sex act against a child is extremely prejudicial. *See State v. Montoya*, 860 P.2d 202 (N.M. App. 1993).

■ Arkansas R. Evid. 403 provides the necessary "parameters." In response to an objection that evidence is unfairly prejudicial, the probative value of the evidence must be weighed against the danger of unfair prejudice. *George v. State*, 306 Ark. 360, 813 S.W.2d 792 (1991). The standard of review is whether the trial court abused its discretion. *Greene v. State*, 317 Ark. 350, 878 S.W.2d 350 (1994).

■ The Trial Court did not err in concluding that the probative value of the evidence outweighed the danger of unfair prejudice in this case because the evidence involves a similar crime against a child of an age similar to that of the victim. Both were in Mr. Hernandez's care or household at the time that the incidents occurred. *See Munson v. State, supra.*

#### 5. Rule 4-3(h)

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for erroneous rulings prejudicial to Mr. Hernandez, and none has been found.

Affirmed.