Terrick Terrell NOONER *v.* STATE of Arkansas

CR 98-577                                          991 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered May 20, 1999

*Appellant*, pro se.

*Mark Pryor*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

P ER CURIAM. Appellant was denied postconviction relief under Ark. R. Crim. P. 37. At the hearing, appellant proceeded *pro se* with the assistance of standby counsel and, afterwards, appellant filed a timely *pro se* notice of appeal. Our court remanded the case to the circuit court for appointment of counsel, and upon remand, attorney Jeff Rosenzweig was appointed. Nooner's appellate brief was due on May 1, 1999.

In April 1999, appellant filed *pro se* motions to relieve and waive representation by Rosenzweig, stating he is prepared to be executed and asks "the State to enter its execution." However, appellant further states that he is not waiving executive clemency and that he will file a further appeal "if any pleadings exist."

The State moves that it is in no position to gauge appellant's capacity or sincerity in seeking waiver of counsel or further appeal in this case. The State requests appellant be directed to make an unequivocal request regarding such waivers or that the case be remanded to circuit court for a determination of the *bona fides* of appellant's waivers. On May 11, 1999, appellant filed a *pro se* motion and labeled it a "Petition of Unequivocal Statement Regarding Waiver of Jeff Rosenzweig."

■ We deny appellant's *pro se* petition and instead direct Mr. Rosenzweig to proceed as appellant's counsel, which he has already done on April 28, 1999, by filing a motion to incorporate the record of appellant's trial record into the Rule 37 record. We grant counsel's motion to incorporate the trial record, *see Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997), and further direct counsel to move with dispatch in pursuing appellant's appeal to conclusion. Accordingly, this court's clerk shall promptly issue a new briefing schedule in this matter.