Christopher Newton WHITE  *v.*  STATE of Arkansas

CR 05-1407                                      242 S.W.3d 240

Supreme Court of Arkansas
Opinion delivered November 2, 2006

[Supplemental Opinion on Denial of Rehearing
December 14, 2006.*]

---

* IMBER and DICKEY, JJ., not participating.

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. This appeal arises from an order convicting appellant, Christopher Newton White, of two counts of rape, a Class Y felony and a violation of Ark. Code Ann. § 5-14-103 (Supp. 2005), of his two biological daughters from 1999 to 2002. Appellant was sentenced to 420 months in the Arkansas Department of Correction. From this order, appellant brings his appeal and makes five allegations of error. We affirm.

Appellant's daughters, ANW and AAW, were removed from appellant's custody in April 2002 because they were homeless. DHS conducted a search for the mother, and she was never found. The girls were placed in foster care, and they saw appellant during unsupervised visits. On October 7, 2002, Detective Debbie Crews of the Rogers Police Department received word that Pam Cash, the girls' foster parent, called the child-abuse hotline and reported that, after a visit with their father, AAW came back with her underwear saturated in blood, and she was taken to the emergency room. ANW was seven years old, and AAW was six years old at the time of the hotline report. Both girls complained of pain in the vaginal area.

On October 9, 2002, Janet McCutcheon, a forensic interviewer with the Child Advocacy Center (CAC), interviewed AAW, who relayed a story of a bike accident. She stated that no one "touched her in a way that she didn't like" and that her father did not take her to a doctor. Following the interview, Dr. Karen Farst conducted a medical examination of AAW, and discovered an irregular vaginal notch that

Dr. Farst noted was "suspicious" of recent sexual abuse. Dr. Farst also examined ANW, who also had a deep, irregular vaginal notch that could also indicate sexual abuse.

Appellant was interviewed on December 11, 2002, and again on December 17, 2002, and denied any wrongdoing in both interviews. On June 10, 2003, Detective Keith Eoff received a phone call from Jan Bennett, a case worker at the Department of Health and Human Services, regarding ANW. ANW came back from a visit with appellant with a vaginal injury, and she was bleeding. Ms. Bennett said that ANW claimed she had a bike wreck, but ANW further disclosed to her therapist that her father had been touching her. On June 11, 2003, McCutcheon conducted an interview with ANW with the use of anatomically correct dolls. ANW told McCutcheon that her father "had done something bad to her." She pointed to the penis on the doll and said that appellant's penis was "longer and fatter" and that it "hurt." ANW was able to describe in detail the sex act with her father, stating that there was "white stuff" inside her. ANW told McCutcheon that her father threatened her, telling her that if she told anyone, the "sky would fall on her house" and she would die. When asked if anyone else had touched her, ANW spoke of another foster child and said it happened after she was at CAC in October 2002.

McCutcheon later interviewed AAW with the use of ana-tomically correct dolls. In the interview, AAW revealed that her father touched her "pee pee," digitally penetrated her, had sexual intercourse, and forced her to perform oral sex. Throughout other interviews, McCutcheon surmised that the two girls were sexually acting out with each other and foster children with whom they came in contact.

On August 25, 2003, the State filed a felony information, charging appellant with two counts of rape, and on April 26, 2005, an amended felony information was filed to include the date of the offenses from 1999 to 2002. Appellant filed a motion pursuant to Ark. Code Ann. § 16-42-101 (Repl. 1999), requesting the court to admit evidence of AAW's prior sexual conduct with a child in foster care, her stepbrother, and her sister. The State filed a brief in opposition on February 18, 2005. On April 15, 2005, appellant filed a similar rape-shield motion to admit evidence of prior sexual conduct of ANW. That same day, appellant also filed a motion in limine to prevent the introduction of 404(b) evidence.

The circuit court conducted a hearing on April 25, 2005, and denied the motion in limine, motion to set aside, and rape-shield motion. A trial was conducted on April 26, 2005. On May

3, 2005, appellant was convicted of two counts of rape and was sentenced to 420 months' imprisonment. The circuit court held a new-trial hearing on June 10, 2005, where the circuit court refused to overturn the jury's verdict and denied appellant's motion for new trial. Appellant now brings his appeal from his convictions and sentence.

Appellant argues that his convictions should be reversed and dismissed because the State failed to prove its case. Appellant raises this argument in his last point on appeal, but we are required to examine it first. We treat an appeal from the denial of a motion for directed verdict as a challenge to the sufficiency of the evidence, and we must consider sufficiency challenges first in order to protect appellant's rights against double jeopardy. *Jester v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006). In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, considering only the evidence supporting the verdict, to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Woolbright v. State*, 357 Ark. 63, 160 S.W.3d 315 (2004). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* The statute under which appellant was convicted is Ark. Code Ann. § 5-14-103(a)(3)(A), which provides that a person commits rape "if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age." *Id.* In cases of rape, the evidence is sufficient if the victim gave a full and detailed accounting of the defendant's actions. *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003).

In the present case, there was sufficient evidence to support both rape convictions. Here, both victims stated in their interviews that appellant had sexual intercourse with them, and both girls were under the age of fourteen. In the interview with McCutcheon, AAW said that appellant stuck his "weiner" in her "pee pee," and it "didn't feel good." She further stated that the penetration "hurt" and that she was "scared." Similarly, during ANW's interview with McCutcheon, ANW pointed to the penis on the doll and told McCutcheon that appellant "stuck that in and out," that appellant's was "longer and fatter," and that there was "white stuff" inside her when she went to the bathroom. At trial, AAW, a nine year old at that time, testified that appellant touched her on her "private" with "his private and his hands." ANW, who was ten years old at trial, testified that her father touched her "private" with "his hand and his private." Both girls testified that these incidents occurred numerous times. Additionally, Dr. Farst

produced reports in which she concluded that the vaginal notches were "highly suspicious" of sexual abuse. Donna Williams Shepherd, a therapist at the Ozark Guidance Center, testified that, after she saw the girls in 2002, they were engaged in much "more sexualized play."

We have said that the uncorroborated testimony of a child rape victim is sufficient evidence to sustain a conviction. *Drymon v. State*, 327 Ark. 375, 378-79, 938 S.W.2d 825 (1997). In light of the testimony of ANW and AAW, as well as the medical evidence produced by Dr. Farst that substantiates this testimony, we hold that there is sufficient evidence to support the rape convictions. Accordingly, we affirm the circuit court's denial of appellant's motions for directed verdict.

For his second point on appeal, appellant argues that the circuit court erred in applying the rape-shield statute. Specifically, appellant contends that the circuit court improperly excluded relevant evidence concerning the girls' sexual knowledge acquired through sexual experiences while in foster care. Appellant asserts that this evidence is relevant to his defense that the girls had been abused while in DHS custody.

The State responds, arguing that the circuit court properly applied the rape-shield statute and excluded evidence of the minor victims. The State notes that appellant filed a rape-shield motion, seeking only to introduce evidence pertaining to AAW, on January 12, 2005. However, a rape-shield motion pertaining to ANW is found in the addendum, and we will analyze both rape-shield motions.

The rape-shield statute under which the circuit court has authority to admit evidence of prior sexual conduct is found at Ark. Code Ann. § 16-42-101(b), which provides in pertinent part:

> (b) In any criminal prosecution under § 5-14-101 et seq. or § 5-26-202, or for criminal attempt to commit, criminal solicitation to commit, or criminal conspiracy to commit an offense defined in any of those sections, opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations is not admissible by the

> defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

*Id.* Thus, under Ark. Code Ann. § 16-42-101, evidence of a victim's prior sexual conduct is inadmissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. An exception to this rule exists when the trial court, at an in camera hearing, makes a written determination that such evidence is relevant to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature. Ark. Code Ann. § 16-42-101(c)(2)(C). The statute's purpose is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006). Accordingly, the trial court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the trial court's decision unless it constitutes a clear error or a manifest abuse of discretion. *Id.*

In cases involving the rape of a minor, we have uniformly and consistently excluded evidence of the minor's prior sexual activity because the only two issues to be determined are the fact of the occurrence of the prohibited activity and the age of the minor. *Townsend, supra; Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004) (holding that the four-year-old victim's testimony falls squarely within the ambit of § 16-42-101(b), which excludes evidence of a victim's prior allegations of sexual conduct with any other person, which allegations the victim asserts to be true). In *Townsend*, we adopted the following five factors for which a defendant must offer proof to admit evidence of a child's prior sexual conduct for the limited purpose of proving an alternative source of sexual knowledge: (1) that the prior act clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to the defendant's case; and (5) that the probative value of the evidence outweighs its prejudicial effect. *Id.*

With this precedent in mind, we turn to the present case. Appellant filed motions to admit evidence of prior sexual conduct of ANW and AAW. At the evidentiary hearing on February 15, 2005, the witnesses included McCutcheon; Katie Friesen, a foren-

sic interviewer at CAC; Brandy Bruce with the Arkansas State Police; Cara Hinkle with the Arkansas State Police; and Lydia Harrison and Pam Cash, the girls' foster mothers. Through these individuals' testimonies, the following prior sexual acts were described: (1) Kyle, a foster child, had intercourse with ANW, and ANW performed oral sex on him; (2) ANW and AAW touched each other; (3) another girl looked at and licked AAW's genitals; (4) ANW performed oral sex on a boy when she was three- or four-years-old.

We now examine this evidence in light of the *Townsend* factors. First, we have no proof that these events actually occurred. With regard to the incident involving Kyle, Brandy Bruce concluded that nothing happened between the two children. Cara Hinkle stated that AAW admitted that she falsely accused ANW of touching her because she was mad at her. Second, none of these prior sexual acts closely resemble the allegations that appellant raped these two minor girls. ANW claimed that Kyle had intercourse with her, but Brandy Bruce found that the claim was unsubstantiated. Third, these alleged sexual acts with other minor children are irrelevant to appellant's having sexual intercourse with his children. Further, his claim that these prior acts go to his defense is meritless in light of the fact that these events allegedly took place after 1999 to 2002, the time that appellant's offenses occurred. In other words, these allegedly prior acts were not prior to his rape offenses toward these girls. Thus, for the foregoing reasons, we hold that the circuit court properly excluded the evidence of the acts of ANW and AAW with other children.

For his third point on appeal, appellant argues that the circuit court erred in admitting (1) evidence of appellant having an erection during supervised visitation of his children and (2) evidence that he physically abused his daughters. Specifically, appellant contends that, under Rule 402 of the Arkansas Rules of Evidence, the testimony was more prejudicial than probative. The State responds, arguing that the circuit court properly admitted evidence that was relevant to the case.

Rule 403 of the Arkansas Rules of Evidence provides that evidence, even if relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. In discussing our standard of review for evidentiary rulings, we have said that the trial courts have broad discretion and that a trial

court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Owens v. State*, 363 Ark. 413, 214 S.W.3d 849 (2005).

In the present case, the circuit court allowed the testimony of Jan Wallis, a former DHHS employee, regarding appellant's erection while watching his two girls performing a cheerleading and dance routine. Over defense counsel's objection, Wallis testi-fied, "I turned and looked at Mr. White, and he had an erection. Ms. Dooley [another caseworker] told me that he had an erection, which made me turn and look at Mr. White." From the bench, the circuit court ruled:

> You've made your record. Now what causes a woman to come in and stare at a man's crotch? Because she's horny or because somebody directs her attention to it. I will allow it in not for the truth of the matter asserted but to explain the reason why she's staring at a man's crotch, so I'm going to let it in, and I will make that admission — that admonition.

The court then admonished the jury, stating:

> Now, ladies and gentlemen, I am going to allow Ms. Wallis to testify as to what the other lady told her for the purpose of explaining why Ms. Wallis did what she did and not for the truth of what this other lady said but to explain to you why she then took whatever action she did. Now are we clear on that?

We agree with the circuit court's ruling on this issue because the evidence at issue falls under the pedophile exception to Rule 404(b). In *Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006), we stated:

> This court has recognized a "pedophile exception" to Rule 404(b), which allows evidence of similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Berger v. State,* 343 Ark. 413, 36 S.W.3d 286 (2001). The rationale for recognizing the exception is that such evidence helps to prove the depraved instinct of the accused. *Id.* The basis of the pedophile exception to Rule 404(b) is our acceptance of the notion that evidence of sexual acts with children may be shown, as that evidence demonstrates a particular proclivity or instinct. *Hernandez,* 331 Ark. 301, 962 S.W.2d 756 (1998). For

the pedophile exception to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *See id; Berger,* 343 Ark. 413, 36 S.W.3d 286. We also require that there be an "intimate relationship" between the perpetrator and the victim of the prior act. *Hernandez,* 331 Ark. at 308, 962 S.W.2d at 763; *Berger,* 343 Ark. at 421, 36 S.W.3d at 294.

*Hamm,* 365 Ark. at 652.

■ Here, this evidence of appellant's arousal while watching his girls perform a dance routine demonstrates a "particular proclivity" toward young girls, particularly his two daughters, thereby establishing the "intimate relationship" between the perpetrator and the victims. *Hamm, supra.* The fact that appellant got an erection, which was noticed by Wallis and another DHHS employee, further demonstrates an unnatural sexual attraction toward his daughters. Thus, there is a "sufficient degree of similarity" between appellant's arousal at seeing his daughters and his sexual conduct of having intercourse with them. *Hamm, supra.* Further, the evidence was relevant under Rule 403 because, as the circuit court ruled, it demonstrates why visitation with the girls stopped shortly thereafter. For these reasons, we hold that the circuit court did not err by admitting Wallis's testimony.

Second, we will address the admissibility of appellant's physical abuse of ANW and AAW. ANW testified that her father did things that scared her, hurt her, and did not make her feel safe. She also testified that appellant threw her sister against a wall and gave her a bloody lip. She further stated that appellant slapped her and hit her. Additionally, AAW testified that appellant slapped her and put his hand on her mouth. The circuit court admitted this evidence because it was relevant to the girls' submitting to appellant and keeping the sexual abuse a secret.

■ We agree with the court's ruling. We have held that evidence of other bad acts may be admissible to show the victim's fear of the accused. *See Sullivan v. State,* 289 Ark. 323, 711 S.W.2d 469 (1986). Here, evidence of the appellant's physical abuse demonstrates that he instilled fear in his daughters and intimidated them by both physical and sexual abuse. Therefore, we hold that the evidence of his physical abuse was properly admitted by the circuit court.

For his fourth point on appeal, appellant argues that the circuit court erred in ruling that the testimony of Donna Williams Shepherd, a therapist at the Ozark Guidance Center, was barred by privilege under Ark. R. Evid. 503. Specifically, appellant contends that this evidence went to the core of his defense and should have been admitted. In response, the State argues that the circuit court properly excluded testimony of privileged communications made to Shepherd under Rule 503. The State asserts that appellant suffered no prejudice with regard to AAW because AAW testified about the privileged communication.

Rule 503 of the Arkansas Rules of Evidence, which details the physician-patient privilege and connected rules, states:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

Ark. R. Evid. 503(b). The privilege may be claimed by the patient, his guardian or conservator, or the personal representative of a deceased patient, and a patient has a privilege to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his mental or emotional condition. Ark. R. Evid. 503(c); *Randleman v. State,* 310 Ark. 411, 837 S.W.2d 449 (1992). However, Rule 503(b) does not grant a privilege to "any information," only "communications" between the patient and doctor, and confidential ones at that. *Baker v. State,* 276 Ark. 193, 637 S.W.2d 522 (1982).

Rule 503 further provides in pertinent part:

> (a)(4) A communication is "confidential" if not intended to be disclosed to third persons, except persons present to further the interest of the patient in the consultation, examination, or interview, persons reasonably necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the physician or psychotherapist, including members of the patient's family.

*Id.*

In the present case, defense counsel made the following proffer at trial:

> DEFENSE COUNSEL: She treated or saw both [victims] from a period of April of 2002 up through March of 2003. During the period of time that she counseled with both of them, their, uh, when allegations were made against Mr. White, she changed their treatment plan based on those allegations. She met with the girls. She talked with them about the treatment plan, about sex abuse, read books to them, and the girls both told her I think the whole time she had them that they had not been abused by the father.

After an argument during which the State argued that the testimony was barred under Rule 503 and Ark. Code Ann. § 12-12-518 (Repl. 2003), the circuit court made the following ruling:

> THE COURT: All right, on, on the nurse, she will be allowed to testify as to the condition that she was found and what she did treat. As to Donna Williams, she will not be allowed to testify as to the communications between herself and the little girls. She will be allowed to testify as to the course of treatment, the type of treatment that she chose to administer in this situation, and she can say why. But it cannot be based — not be based on allegations by the little girls because they weren't making them. It will have to be because of concern by DHS or whoever had concerns of the child sexual abuse. That's it. The privilege blocks it. You've made your record. If I am wrong, you are covered.

We agree with the court's rulings for the following reasons. First, with regard to AAW's testimony, AAW admitted on cross-examination what she told Shepherd after the State played a video of her conversation with Shepherd. Thus, there is no harm to excluding Shepherd's testimony because the jury had already heard it through AAW's testimony. Second, appellant's argument that ANW's statements to Shepherd were not privileged, as they were part of a forensic investigation, is misplaced. On direct examination, Shepherd testified that the "DHS worker or foster parents were involved" in the family sessions that she conducted.

Third, appellant claims that these statements were provided during discovery, thereby eviscerating the privilege. However, Rule 511 of the Arkansas Rules of Evidence provides that "[a] claim of privilege is not defeated by a disclosure which was (1) compelled erroneously or (2) made without opportunity to claim the privilege." Here, we do not find where the privilege was claimed prior to the disclosure to the prosecutor. Thus, in all three instances, the testimony should not have been barred and was properly admitted. For these reasons, we hold that the circuit court did not err in its ruling.

For his fifth point on appeal, appellant argues that the circuit court erred in excluding the testimony of defense witness, Dr. Virginia Krauft, because of an alleged discovery violation. Specifically, appellant contends that Dr. Krauft's observations go to the heart of his defense that his girls suffered sexual abuse from others.

The State argues that the circuit court properly granted its motion to exclude the testimony of Dr. Krauft by asserting appellant did not comply with the rules of discovery by failing to provide any information concerning Dr. Krauft, aside from her curriculum vitae, until shortly before the trial.

Arkansas Rule of Criminal Procedure 19.7(a), which governs discovery violations, provides in pertinent part:

> (a) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant thereto, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances.

*Id.* It is within the trial court's discretion to employ any one of the listed sanctions under Rule 19.7(a) or one of its own choosing where there is a failure to disclose. *Renton v. State,* 274 Ark. 87, 622 S.W.2d 171 (1981).

In the present case, there was an oral proffer and a written proffer of Dr. Krauft's testimony. Defense counsel provided to the State a curricum vitae of Dr. Krauft several days before the trial. The prosecutor said that she could not adequately prepare cross-examination or arrange a rebuttal witness based upon the informa-

tion given to her by the defense. The State requested that the circuit court exclude Dr. Krauft's testimony or order her to prepare a report of her findings. Defense counsel produced Dr. Krauft's work product rather than a formal report. The circuit court granted the State's motion to exclude Dr. Krauft's testimony, ruling from the bench that it would not allow the defense "to thwart the rules of discovery" by failing to reduce Dr. Krauft's findings to a writing.

At trial, the defense proffered a report with Dr. Krauft's findings, which were labeled Defendant's Exhibit #3, which contained redacted information, and Defendant's Exhibit #4, which contained the unredacted information. In these reports, Dr. Krauft takes issue with the interviews conducted by McCutcheon and Ozark Guidance. The circuit court stated:

> As I understood Dr. Krauft's testimony, she pointed out that the folks in her profession are of the opinion that children are extremely susceptible to being influenced by the actions and words of adults. Now, does anybody need an expert to tell them that? I don't think so. In fact, that is common knowledge. . . . But has she related anything to the facts of this case, the techniques used in interviewing the children? No. It is not related to this case whatsoever . . . . So I heard nothing here today that causes me to believe that this is the type of testimony that is needed by either side.

Arkansas Rules of Evidence 702 and 703 govern the admission of testimony of expert witnesses. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

*Id.*

Rule 703 states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

*Id.*

Whether a witness qualifies as an expert in a particular field is a matter within the trial court's discretion, and we will not reverse such a decision absent an abuse of that discretion. *Jackson v. State,* 359 Ark. 297, 197 S.W.3d 468 (2004). If some reasonable basis exists demonstrating that the witness has knowledge of the subject beyond that of ordinary knowledge, the evidence is admissible as expert testimony. *Id.* The general test of admissibility of expert testimony is whether it will assist the trier of fact in understanding the evidence presented or determining a fact in issue. Ark. R. Evid. 702.

■ Here, defense counsel should have properly prepared Dr. Krauft's findings and given them to the State well in advance of the trial so that the State could prepare its cross-examination and any rebuttal witness. Moreover, the circuit court was correct in noting that Dr. Krauft's findings did not provide anything more than common knowledge. In Defendant's Exhibits #3 and #4, Dr. Krauft stated that she claimed that McCutcheon lead the children with her questions and then "had a story." As the circuit court noted, Dr. Krauft failed to suggest how she would have conducted the interviews of these children. Thus, the circuit court was correct in determining that an expert witness was not necessary. Based upon our standard of review, we hold that the circuit court did not err in its ruling on this issue. Accordingly, we affirm on this point.

Affirmed.

IMBER, J., not participating.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
DECEMBER 14, 2006

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. Appellant, Christopher Newton White, was convicted on two counts of rape, a class Y felony and a violation of Ark. Code Ann. § 5-14-103 (Supp. 2005), of his two biological daughters. We affirmed the convictions in *White v. State*, 367 Ark. 595, 242 S.W.3d 240 (2006). On November 15, 2006, appellant filed a petition for rehearing, alleging that this court failed to address his argument that the rape-shield statute as applied to these particular facts is unconstitutional because it prevented him from presenting a defense. Appellant also filed a motion for stay of the mandate in order to petition for a writ of certiorari in the United States Supreme Court on November 15, 2006. On November 17, 2006, the State filed a response to appellant's petition for rehearing.

We deny appellant's petition for the following reasons. First, appellant fails to call to our attention any "specific errors of law or fact that the opinion is thought to contain." Ark. Sup. Ct. R. 2-3(g) (2006). Second, appellant failed to develop his constitutional argument in his appeal. In his briefs, he argued that the circuit court's ruling to exclude 404(b) evidence violated his constitutional right to present a defense. For this proposition, appellant cited in particular the United States Supreme Court cases of *Chambers v. Mississippi*, 410 U.S. 284 (1973), *Davis v. Alaska*, 415 U.S. 308 (1974), and *Crane v. Kentucky*, 476 U.S. 683 (1986). However, appellant failed to provide any analysis of his constitutional argument other than these case citations and a basic explanation of the United States Supreme Court's holdings. Moreover, appellant stated in his brief that his constitutional argument was

discussed more fully in point two, which involved the admissibility of "prejudicial testimony," but he never developed the argument in that portion of his brief. We have repeatedly held that we will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it, and it is not apparent without further research that the appellant's argument is well taken. *See, e.g., Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006).

We further note that these aforementioned cases are inapposite because, as appellant suggests in his brief, they are "interpreted to mean that only irrelevant evidence may be excluded under rape shield." We held in *White, supra*, after applying the factors enunciated in *State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006), to the facts of this case, that the circuit court properly excluded the 404(b) evidence as irrelevant. Thus, we abide by the holding in our opinion.

For the foregoing reasons, we deny appellant's petition for rehearing, and we grant his motion for stay of the mandate to allow him to file a petition for writ of certiorari with the United States Supreme Court.

IMBER and DICKEY, JJ., not participating.