ASBURY AUTOMOTIVE USED CAR CENTER *v.*
Patric BROSH, Mark Lunsford, Mel Anderson, NCAS, LLC
d/b/a New Century Auto Sales

08–526                                                    289 S.W.3d 88

Supreme Court of Arkansas
Opinion delivered November 13, 2008

*Warner, Smith & Harris, PLC,* by: *G. Alan Wooten* and *Stephanie Harper Easterling,* for appellant.

*Conner & Winters, LLP,* by: *John R. Elrod, Todd P. Lewis,* and *Kerri E. Kobbeman,* for appellee Patric Brosh.

P̲ER C̲URIAM. In the mid-1990s, appellees Patric Brosh, Mark Lunsford, and Mel Anderson started a business, New Century Auto Sales ("New Century"), another appellee to this action, to sell used cars from Wal-Mart parking lots. After developing a business plan, and entering into a lease agreement with Wal-Mart, New Century decided to market its plan. It approached Asbury Automotive Used Car Center, L.L.C. ("Asbury"), the appellant in this action, about purchasing the plan. Asbury expressed interest and ultimately the parties signed the contracts that are the center of this dispute — the Purchase Agreement, whereby Asbury agreed to purchase the business plan from New Century and to enter into the leases with Wal-Mart, and three separate Employment Agreements, whereby Asbury agreed to employ Brosh, Lunsford, and Anderson for an annual base salary of $300,000 per year.

By August 2003, the parties were in dispute, and Asbury terminated its leases with Wal-Mart and its employment contracts with Brosh, Lunsford, and Anderson. As a result, the appellees filed suit against Asbury in Washington County Circuit Court on a breach of contract claim. Asbury answered and filed a motion for a stay of proceedings and to compel arbitration pursuant to arbitration provisions in the disputed contracts. The circuit court held a hearing on the matter, and determined that the arbitration agreements lacked mutuality of obligation and, as a result, denied Asbury's motion. Asbury filed an interlocutory appeal, and this court affirmed the circuit court, agreeing that the provisions lacked mutuality of obligation. *Asbury Auto. Used Car Ctr., L.L.C. v. Brosh,* 364 Ark. 386, 220 S.W.3d 637 (2005).

The case was then tried before a jury, which rendered a verdict in favor of Asbury. Following the verdict, appellant filed a motion for attorneys' fees, pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999), requesting attorneys' fees and costs from the appellees. The circuit court entered an order denying the appellant's motion. The order specifically held that section 16-22-308 did not apply because "the parties intended and anticipated that in the event there was a controversy or dispute arising out of or relating to the Agreements, or any breach thereof, then each party would bear their own costs and attorneys' fees." The appellant filed a timely notice of appeal.

■ We are unable to consider appellant's appeal at this time because its brief is not in compliance with Arkansas Supreme Court Rule 4-2(a). Ark. R. Sup. Ct. 4-2(a) (2008). Our rules require that the appellant include all relevant pleadings, documents, or exhibits, essential to an understanding of the case on appeal, in the addendum portion of the brief. *Id.* R. 4-2(a)(8). Furthermore, our rules state that:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8).

Ark. R. Sup. Ct. 4-2(b)(3) (2008). Finally, the rules make clear that an appellee may prepare a supplemental addendum if material on which it relies is not in the appellant's addendum. *Id.* R. 4-2(a)(8).

■ In this case, the appellant failed to include photocopies of the complete Purchase Agreement and Employment Agreement in its addendum. These contracts form the basis of the dispute and are essential to this court's understanding of the case on appeal. Furthermore, the appellees' brief relies heavily on the severability provisions of the contracts; however, the appellees did not prepare a supplemental addendum including a copy of the provisions. We note that the complete contracts are not included in the record filed in the instant appeal. However, the appellant may use the

pertinent portions of the first record in order to bring its addendum in compliance with Rule 4-2(a)(8). *See id.* R. 4-2(a)(5) (on a second or subsequent appeal, the abstract shall include a condensation of all pertinent portions of the transcript filed on any prior appeal); *Drymon v. State*, 327 Ark. 375, 378, 938 S.W.2d 825, 826-27 (1997) (the relevant portions of the first record do not need to be included in the record filed in the second appeal; the record of the first trial was already filed with the appellate court in the earlier appeal and is a public record that need not be incorporated on the second appeal).

Accordingly, we order appellant to file a substituted brief, curing the deficiencies in the addendum, within fifteen days from the date of entry of this order. After service of the substituted brief, the appellees shall have an opportunity to file a responsive brief in the time prescribed by the supreme court clerk, or to rely on the brief filed in this appeal.

Rebriefing ordered.